**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**IN RE:**

**SUBPOENA DUCES TECUM ISSUED TO AUSA**
**WILLIAM C. PERICAK and SPECIAL AGENT CHARLES**         **08-CV-885**
**KESSLER IN THE MATTER OF THE PEOPLE OF THE**            **(TJM/DRH)**
**STATE OF NEW YORK v. TERRENCE L. BATTISTE and**
**BRYAN C. BERRY, Rensselaer County Court**
**Index No. 07-1076.**

_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**


**DECISION & ORDER**

The instant matter was removed from New York state court by the United States Attorney's Office for the Northern District of New York. The matter concerns subpoenas issued by attorneys Trey Smith, Esq. and Frederick Rench, Esq. that seek to compel the attendance of, and production of documents by, Assistant U.S. Attorney William C. Pericak, Federal Bureau of Investigation ("FBI") Special Agent Charles Kessler, and a representative of the U.S. Probation Department for the Northern District of New York in Rensselaer County Court. The United States Attorney's Office has moved to quash the subpoenas on the grounds that, *inter alia*, the issuing attorneys failed to comply with the applicable Touhy requirements. See United States *ex rel.* Touhy v. Ragen, 340 U.S. 462 (1951); Boron Oil Co. v. Downie, 873 F.2d 67 (4th Cir. 1989) ("Touhy is a part of an unbroken line of authority which directly supports [the] contention that a federal employee may not be compelled to obey a subpoena contrary to his federal employer's instructions

1

under valid agency regulations."); 28 C.F.R. 16.21 - 16.29; see also Dkt. # 10, 11, 12.

The issuing attorneys have not opposed the motion to quash but, instead, commenced a separate action pursuant to § 706 of the Administrative Procedures Act ("APA") seeking an order compelling compliance with the issued subpoenas. See Battiste et al v. The United States Department of Justice, N.D.N.Y. 1:08-cv-01379-TJM-DRH; see also Pollock v. The Barbosa Group, Inc., 478 F.Supp. 2d 410, 413-14 (W.D.N.Y. 2007)(The recourse for a state court litigant wanting to obtain judicial review of an agency's final decision not to produce evidence or authorize an employee's production of evidence is pursuant to the APA.).  One attorney filed a letter indicating that he consented to dismissal of the instant action once the APA action was filed, dkt. # 14, and a second letter requesting that the U.S. Attorney's Office file the motion to dismiss. Dkt. # 15.

Inasmuch as the propriety of the agencies' determinations relative to compliance with the subject subpoenas will be litigated in Battiste et al v. The United States Department of Justice, N.D.N.Y. 1:08-cv-01379-TJM-DRH, the instant action is rendered moot.

Therefore, the instant action is **DISMISSED AS MOOT**.   All pending motions in this matter are **DENIED AS MOOT**.   The Clerk of the Court is to close the file in this matter.

**IT IS SO ORDERED**

DATED:February 12, 2009

Thomas J. McAvoy
Senior, U.S. District Judge

2